UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80149-CR-MARRA/HOPKINS(S)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTINE CHICO-BLUME,

Defendant.
_____/

## STIPULATED STATEMENT OF FACTS

The United States of America and CHRISTINE CHICO-BLUME enter into the following stipulated statement of facts in support of the defendant's plea of guilty:

Had this case proceeded to trial, the government would have presented evidence by way of witness testimony, Court authorized wire interceptions of coconspirators and documentary evidence. The evidence would establish that the defendant was a physician licensed to practice medicine in Florida and maintained a Drug Enforcement Administration registration number which enabled her to order and purchase Schedule II - V controlled substances. The evidence would establish that from in or about 2009 through in or about April 2010, the defendant conspired and agreed with coconspirators to receive monetary compensation from East Coast Pain clinic and to deposit such monetary compensation into a financial institution. The monetary compensation was the proceeds of specified unlawful activity, that is, the illegal distribution of oxycodone pills, a Schedule II controlled substance. The defendant and conspirators participated in the operation of illegal "pill

mills" wherein individuals seeking controlled substances paid for examinations by the defendant and coconspirator physicians based upon alleged complaints of pain. The defendant and coconspirator physicians illegally prescribed large quantities of oxycodone, 30 mg. pills and other controlled substances without a legitimate medical purpose and outside the usual course of professional practice. The defendant and coconspirator physicians prescribed controlled substances without reviewing prior medical records, referring individuals to medical specialists or recommending alternative treatment modalities. The defendant and coconspirator physicians prescribed a predetermined "cocktail" of controlled substances which contained oxycodone 30 mg. and 15 mg., xanax and/or soma. No individualization or particularization of treatment of care was used, other than to vary the quantity of drugs prescribed in the "cocktail." The evidence established that the pain management clinics wherein the defendant and coconspirator physicians were employed were, in fact, facilities used for the illegal distribution of controlled substances. The defendant and coconspirators engaged in the above-described criminal conduct for a profit motive.

The monetary compensation received by the defendant had a value of more than $10,000.

The above-described activities were committed in the Southern District of Florida.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/30/11

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

Date: 9/30/11

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 9/30/11

_____
STRIDER DICKSON
ASSISTANT UNITED STATES ATTORNEY

Date: 9/30/11

_____
MARK NURIK
ATTORNEY FOR DEFENDANT

Date: 9/30/11

_____
CHRISTINE CHICO-BLUME
DEFENDANT